IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gloria Bell<br>1524 F St. N.E., Apt. A1<br>Washington, DC  20002,<br><br>AND<br><br>Margaret Elbert<br>3404 Dodge Park Rd # 201<br>Landover, MD  20785-2011,<br><br>AND<br><br>Suzette Hampton<br>8108 Phelps Pl<br>Forestville, MD  20744,<br><br>collectively,<br><br>      Plaintiffs,<br><br>vs.<br><br>KFC Corporation,<br>1441 Gardiner Lane<br>Louisville, KY  40213<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Gloria Bell, Margaret Elbert, and Suzette Hampton ("Plaintiffs"), by and through their attorneys, for their Complaint against Defendant KFC Corporation ("Defendant"), state as follows:

## JURISDICTION

1. The violations asserted herein occurred within the District of Columbia where Plaintiffs worked for Defendant.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear

this Complaint and to adjudicate the claims stated herein. This action is being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3. Plaintiffs also assert claims under the Washington D.C. Wage and Hour Laws ("WHL"), D.C. Code § 32-1001, *et seq*.; and the Washington D.C. Payment and Collection of Wages Act ("PCWA"), D.C. Code § 32-1301, *et seq*., over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5. Plaintiffs Gloria Bell, Margaret Elbert, and Suzette Hampton worked as assistant unit managers for Defendant's KFC base and KFC multi-brand restaurants in the District of Columbia during the applicable statute of limitations. Written consents are appended to this complaint as Exhibit A. The written consent forms set forth the plaintiffs' names and home addresses. Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1); the WHL, D.C. Code § 32-1002(2); and the PCWA, D.C. Code § 32-1301(2). Plaintiffs bring their individual claims collectively through this action.

6. Defendant is a foreign corporation with its principle place of business in Louisville, Kentucky. Defendant operates numerous KFC base and KFC multi-brand restaurants across the country, including restaurants in the District of Columbia. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d); the WHL, D.C. Code § 32-1002(3); and the PCWA, D.C. Code § 32-1301(1).

## FACTUAL ALLEGATIONS

7. During the statutory period, Plaintiffs worked as assistant unit managers in several of Defendant's KFC base and KFC multi-brand restaurants. As assistant unit managers, the primary duties of Plaintiffs were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food. Plaintiffs spent a vast majority of their work-time performing such duties.

8. During the statutory period, Defendant directed Plaintiffs to work in excess of forty (40) hours per week, and Plaintiffs customarily worked in excess of forty (40) hours per week. Defendant typically scheduled Plaintiffs to work a minimum of fifty (50) hours per week.

9. Defendant failed to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

10. By reference hereto, Plaintiffs hereby incorporate the foregoing paragraphs.

11. Defendant is required by the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiffs at a rate no less than one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

12. Defendant improperly classified Plaintiffs as exempt under the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

13. Defendant willfully failed and refused to pay Plaintiffs overtime wages for all hours worked in excess of forty (40) hours per week.

14. Defendant's willful failure and refusal to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week in individual workweeks violates the FLSA,

29 U.S.C. §§ 207, and 255.

15. As a result of these unlawful practices, Plaintiffs suffered a loss of wages and are therefore entitled to recover unpaid wages for up to three years prior to the initial filing of their claims.

## COUNT II

### VIOLATION OF THE WASHINGTON D.C. WAGE AND HOUR LAWS

16. By reference hereto, Plaintiffs hereby incorporate the foregoing paragraphs.

17. The WHL, D.C. Code § 32-1003(c), provides that non-exempt employees must receive compensation for hours worked in excess of forty (40) at a rate no less than one and one-half times the regular hourly rate in individual workweeks.

18. Employers who fail to pay the overtime wages as required by the WHL, D.C. Code § 32-1003(c), shall be liable in a civil action for unpaid wages for up to three years prior to the initial filing of their claims plus liquidated damages, costs, and reasonable attorneys' fees pursuant to the WHL, D.C. Code § § 32-1012, 1013.

19. Defendant improperly classified Plaintiffs as exempt under the overtime wage provisions of the WHL, D.C. Code § 32-1004(a)(1).

20. Defendant willfully failed to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

21. Defendant's willful failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week violates the WHL, D.C. Code § 32-1001, *et seq.*

22. In violating the WHL, D.C. Code § 32-1001, *et seq.*, Defendant was not acting in good faith.

23.  As a result, Plaintiffs suffered loss of wages, and are therefore entitled to recover unpaid wages for up to three years prior to the initial filing of their claims plus liquidated damages, costs, and reasonable attorneys' fees.

## COUNT III

### VIOLATION OF THE WASHINGTON D.C. PAYMENT AND COLLECTION OF WAGES ACT

24.  The PCWA, D.C. Code § 32-1302, requires employers to compensate employees for all wages owed on regular, predetermined pay-days no less than twice per month. Overtime pay is considered wages owed for the purposes of the PCWA, D.C. Code § 32-1301, *et seq.*

25.  Employers who fail to compensate employees as required by the PCWA, D.C. Code § 32-1302, shall be liable in a civil action for the unpaid wages, liquidated damages, costs, and reasonable attorneys' fees pursuant to the PCWA, D.C. Code § 32-1308.

26.  Defendant improperly classified Plaintiffs as exempt under WHL, D.C. Code § 32-1004(a)(1).

27.  Plaintiffs were eligible for overtime compensation pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and the WHL, D.C. Code § 32-1001, *et seq.*

28.  Defendant did not provide Plaintiffs with overtime compensation.

29.  Defendant's willful failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week violates the PCWA, D.C. Code , § 32-1301 *et seq.*

30.  In violating the PCWA, D.C. Code , § 32-1301 *et seq.* Defendant was not acting in good faith.

31.  As a result, Plaintiffs suffered loss of wages, and are therefore entitled to recover the full amount owed by Defendant plus liquidated damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendant for violations of the FLSA, WHL, and PCWA;

2. Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rates;

3. Judgment against Defendant that its violations of the WHL and FLSA were willful;

4. Liquidated damages;

5. To the extent liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorneys' fees incurred prosecuting these claims; and

7. For such further relief as the Court deems just and equitable.

Dated: June 5, 2007

Respectfully submitted,

/s/
WOODLEY & MCGILLIVARY
Gregory K. McGillivary, DC Bar No. 411029
Molly A. Elkin, DC Bar No. 450295
David W. Ricksecker, DC Bar No. 483019
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone (202) 833-8855
Facsimile (202) 452-1090

NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Michele R. Fisher, MN Bar No. 303069
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Facsimile (612) 218-4870
ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

Case 1:07-cv-01016-RJL    Document 1    Filed 06/06/2007    Page 8 of 11

## KFC CORPORATION
## PLAINTIFF CONSENT FORM

I previously joined the lawsuit captioned *Parler et al. v. KFC Corporation*, Court File No. 05-2198 PJS/JJG (D. Minn.). I would like to continue with my overtime claim against KFC Corporation, and hereby consent to join the subsequent action filed as a result of the court's decertification of the initial action I joined.

**Gloria Bell**

REDACTED

*If any of the information above has changed, please update.*

Signature: *Gloria Bell*   Date: 03/26/2007

REDACTED

Fax, Mail or Email to:

Nichols Kaster & Anderson, PLLP
Attn. Michele Fisher
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email fisher@nka.com
www.overtimecases.com

## PARLER et al. v. KFC CORPORATION
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit captioned *Parler et al. v. KFC Corporation*, Court File No. 05-2198 PAM/JJG (D. Minn.) as a Plaintiff to assert claims against Defendant KFC Corporation for alleged violations of the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 207. During the past three years, there were occasions when I worked over 40 hours per week for KFC Corporation as an assistant unit manager when I did not receive overtime compensation.

```
00016681
1668
MARGARET ELBERT
```

REDACTED

*If any of the information above has changed, please update.*

Signature: *[signed] Margaret A. Elbert*    Date: 03/07/2006

REDACTED

Fax or Mail to:    Rust Consulting, Inc.
P.O. Box 1342
Minneapolis, MN 55440-1342
Fax: (612) 359-2050

*Any questions should not be directed to Rust Consulting, Inc., but rather to Plaintiffs' Counsel, Nichols Kaster & Anderson, IDS Center, 80 South 8th Street, Minneapolis, MN 55402, Toll Free Telephone (877) 448-0492, email fisher@nka.com.



1
Consent Form



## KFC CORPORATION
## PLAINTIFF CONSENT FORM

I previously joined the lawsuit captioned *Parler et al, v. KFC Corporation*, Court File No. 05-2198 PJS/JJG (D. Minn.). I would like to continue with my overtime claim against KFC Corporation, and hereby consent to join the subsequent action filed as a result of the court's decertification of the initial action I joined.

**Suzette Hampton**

REDACTED

*If any of the information above has changed, please update.*

*Signature:* /s/ Suzette Hampton       *Date:* 03/05/2007

REDACTED

Fax, Mail or Email to:  Nichols Kaster & Anderson, PLLP
Attn. Michele Fisher
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email fisher@nka.com
www.overtimecases.com

NKA079148

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Gloria Bell, et al.,

## DEFENDANTS
KFC Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **D.C.**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Jefferson (KY)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WOODLEY & MCGILLIVARY, Gregory McGillivary, Molly Elkin, David Ricksecker, 1125 15th Street NW Washington, DC 20005 (202) 833-8855

ATTORNEYS (IF KNOWN)
MAYER, BROWN, ROWE & MAW, Robert Davis, Robert Varnell, 1909 K Street, NW Washington DC 20006 (202) 263-3361

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⦿ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 201, et seq.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Check YES only if demanded in compl<br>JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 06/05/07    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.