UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Gloria Bell,<br>1524 F St. NE, Apt. A1<br>Washington, DC 20002<br>and<br><br>Margaret Elbert,<br>3404 Dodge Park Rd #201<br>Landover, MD 20785-2011<br>and<br><br>Suzette Hampton<br>8108 Phelps Pl<br>Forestville, MD 20744,<br><br>collectively,<br><br>           Plaintiffs,<br>vs.<br><br>KFC Corporation,<br>1441 Gardiner Lane<br>Louisville, KY 40213<br><br>           Defendant. | Case No.: 1:07-cv-01016-RJL<br><br><br><br><br>**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

KFC Corporation ("Defendant"), by and through its attorneys, in response to the Complaint filed by Gloria Bell, Margaret Elbert, Suzette Hampton, collectively, ("Plaintiffs"), sets forth herein this Answer as follows:

## JURISDICTION

1. Defendant admits that Plaintiffs worked for Defendant in the District of Columbia. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Defendant admits that Plaintiff purports to bring this action under the Washington D.C. Wage and Hour Laws ("WHL"), D.C. Code § 32-1001, *et seq.* and the Washington D.C. Payment and Collection of Wages Act ("PCWA"), D.C. Code § 32-1301, over which this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

4. Defendant admits that venue is proper in the District of Columbia.

## THE PARTIES

5. Defendant admits that Plaintiff previously worked for Defendant as an assistant unit manager. Defendant lacks sufficient knowledge to either admit or deny that Plaintiffs' consent forms contain home addresses because the consent forms have been redacted. Defendant neither admits nor denies the allegations as to Plaintiff's status as an "employee" under the FLSA, the WHL, or the PCWA, as such allegations state a legal

conclusion to which no response is required. Defendant specifically denies that Plaintiffs may bring their claims collectively, through this or any other action. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6.  Defendant admits that it is a foreign corporation with its principal place of business in Louisville, Kentucky. Defendant admits that it operates or has operated numerous quick-service restaurants in across the country, including in the District of Columbia. Defendant neither admits nor denies the allegations as to its status as an "employer" under the FLSA, the WHL, or the PCWA as such allegations state a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

7.  Defendant admits that Plaintiffs worked as assistant unit managers in Defendant's restaurants. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8.  Defendant denies the allegations in paragraph 8 of the Complaint.

9.  Defendant denies the allegations in paragraph 9 of the Complaint.

## COUNT I
### Violation of the Fair Labor Standards Act

10. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 9 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant specifically denies that there are or were any violations or willful violations of the FLSA. Defendant further denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant specifically denies that there are or were any violations or willful violations of the FLSA. Defendant further denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

### COUNT II
### VIOLATION OF THE OVERTIME COMPENSATION PROVISION OF THE D.C. MINIMUM WAGE LAW

16. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 15 of the Complaint.

17. Defendant neither admits nor denies the allegations in paragraph 17, as such allegations state a legal conclusion to which no response is required.

18. Defendant neither admits nor denies the allegations in paragraph 18, as such allegations state a legal conclusion to which no response is required.

19. Defendant neither admits nor denies the allegations in paragraph 19, as such allegations state a legal conclusion to which no response is required.

20. Defendant specifically denies that there are or were any violations or willful violations of the D.C. wage and hour laws. Defendant denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant specifically denies that there are or were any violations or willful violations of the D.C. wage and hour laws. Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant specifically denies that there are or were any violations or willful violations of the D.C. wage and hour laws. Defendant specifically denies that Defendants actions were not in good faith. Defendant further denies the remaining allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

### COUNT III
### VIOLATION OF THE PAYMENT OF WAGES PROVISION OF THE D.C. MINIMUM WAGE LAW

24.     Defendant neither admits nor denies the allegations in paragraph 24, as such allegations state a legal conclusion to which no response is required.

25.     Defendant neither admits nor denies the allegations in paragraph 25, as such allegations state a legal conclusion to which no response is required.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant specifically denies that there are or were any violations or willful violations of the D.C. wage and hour laws. Defendant further denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant specifically denies that there are or were any violations or willful violations of the D.C. wage and hour laws. Defendant specifically denies that Defendants actions were not in good faith. Defendant further denies the remaining allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

## GENERAL DENIAL

All allegations not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs were previously parties to Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn., still currently pending before that Court. Plaintiffs' claims in Parler, were ordered dismissed on June 4, 2007, effective August 3, 2007. In that action, Plaintiffs admitted to that Court that they are not similarly situated by successfully moving to decertify the conditionally-certified Parler class on the basis that their job duties varied on a restaurant-by-restaurant basis. Accordingly, the Complaint must be dismissed because Plaintiffs are judicially estopped from proceeding collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or from joining their claims under the Federal Rules of Civil Procedure, or otherwise.

2. Plaintiffs have failed to state any facts entitling them to proceed collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or to join their claims under the Federal Rules of Civil Procedure, or otherwise.

3. Plaintiffs should be dismissed, in whole or in part, because they are improperly joined as parties.

4. To the extent that Defendant failed to comply with any aspect of federal or D.C. wage and hour laws, which alleged failure is specifically denied, such conduct was not willful or intentional, but rather occurred in good faith.

5. Plaintiffs have failed to state any facts entitling them or any other putative plaintiff or class members to any liquidated or punitive damages, penalties, pre-judgment or post-judgment interest.

6. Plaintiffs failed to exhaust their administrative remedies.

7. The Complaint should be dismissed due to Plaintiffs' failure to pay the costs of a previously dismissed action (namely, Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn.) pursuant to Fed. R. Civ. P. 41(d).

8. Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, judicial, collateral and equitable estoppel, and/or unclean hands.

9. Plaintiffs' claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, and release.

10. The Complaint fails to allege any adequate basis upon which to seek damages.

11. Plaintiffs have failed to mitigate their alleged damages.

12. Plaintiffs' claims are barred to the extent that they misperformed their respective duties or failed to perform those duties which Defendant realistically expected each to perform.

13. Allowing this action to proceed as a collective action or as class actions would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a classwide basis.

14. Plaintiffs' claims are barred to the extent that they or any similarly situated employee which they purport to represent, the existence of which is expressly denied, has executed a compromise and release of any claims asserted in this lawsuit.

15. The claims of Plaintiffs and putative plaintiffs and class members are barred or subject to offset or reduction to the extent that their salaries were intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiffs and putative plaintiffs and class members would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

16. Defendant reserves the right to assert additional defenses upon discovery of further information regarding Plaintiffs' claims and upon the development of other relevant information.

**Additional Defenses to Count I – FLSA**

17.   Count I fails to state a claim upon which relief can be granted.

18.   Count I fails to state a claim upon which relief can be granted because at least one of Plaintiffs' Consent Forms attached to their Complaint is deficient on its face.

19.   Count I is barred by the fact that Plaintiffs were exempt employees under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213.

20.   Count I is barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities, or to the extent that such time was de minimis.

21.   Count I does not comply with the requirements for a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and must be dismissed because Plaintiffs are not similarly situated.  Plaintiffs have admitted to the <u>Parler</u> Court that they are not similarly situated by successfully moving to decertify the conditionally-certified <u>Parler</u> class on the basis that their job duties varied on a restaurant-by-restaurant basis. As a result, Plaintiffs are estopped from proceeding collectively on an above-restaurant-level basis.

22.   To the extent that Defendant failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA, and thus Plaintiffs' claim for liquidated damages, in whole or in part, is barred under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

23. Count I, in whole or in part, is barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendant's conduct was at all times in good faith in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

24. Count I, in whole or in part, is time barred by the applicable statutes of limitations, including but not limited to the statute of limitations for actions pursuant to the FLSA, 29 U.S.C. § 255.

25. Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

**Additional Defenses to Count II – Washington D.C. Wage and Hour Laws**

26. Count II fails to state a claim upon which relief can be granted.

27. Count II is barred by the applicable statute of limitations to the extent that it seeks recovery of alleged unpaid overtime wages outside the limitations period set forth in DC Code § 32-1013.

28. Pursuant to D.C. Code § 32-1004(A), which exempts from overtime compensation any employee employed in a bona fide executive capacity, Plaintiffs are not entitled to overtime compensation.

29. To the extent that Defendant failed to comply with any aspect of the WHL, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the WHL.

30. Defendant's conduct was at all times in good faith in conformity with and in reliance on applicable administrative rulings, practices, enforcement policies, and other administrative authority.

### Additional Defense To Count III - Washington D.C. Payment and Collection of Wages Act

31. Count III fails to state a claim upon which relief can be granted.

32. Count III fails to state a claim under the PCWA because Plaintiffs allege, at most, a bona fide dispute concerning wages due. D.C. Code § 13-304; <u>Fudali v. Pivotal Corp.</u>, 310 F. Supp. 2d 22, 27-29 (D.D.C. 2004).

33. Count III is barred by the applicable statute of limitations to the extent that it seeks recovery of alleged unpaid overtime wages outside the limitations period set forth in D.C. Code § 32-1013 or any other applicable limitations period.

34. Pursuant to D.C. Code § 32-1301(2), which exempts from overtime compensation anyone employed in a bona fide executive capacity, Plaintiffs are not entitled to overtime compensation.

35. To the extent that Defendant failed to comply with any aspect of the PCWA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the PCWA.

36. Defendant's conduct was at all times in good faith in conformity with and in reliance on applicable administrative rulings, practices, enforcement policies, and other administrative authority.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in Defendant's favor on the Complaint in its entirety;

2. For all costs and attorneys' and/or experts' fees herein incurred; and

3. For such other and further relief as the Court deems just and proper.

Dated:  July 2, 2007                                                         MAYER, BROWN, ROWE & MAW LLP

                                                      /s/ Mark W. Ryan
                                                      *Attorney for Defendant*

                                                      Mark W. Ryan, DC Bar No. 359098
                                                      Robert P. Davis, DC Bar No. 334235
                                                      MAYER, BROWN, ROWE & MAW LLP
                                                      1909 K Street N.W.
                                                      Washington, D.C.  20006
                                                      Telephone:  (202) 263-3000

**CERTIFICATE OF SERVICE**

I, Mark W. Ryan, do hereby certify that I have on this 2 day of July, 2007, caused true and correct copies of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Gregory K. McGillivary
Molly Ann Elkin
1125 15th Street, NW
Suite 400
Washington, DC 20005

and

Donald H. Nichols
Paul J. Lukas
Michelle R. Fisher
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

    /s/ Mark W. Ryan
Mark W. Ryan
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000