IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gloria Bell, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:07-cv-01016-RJL |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KFC Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Fed. R. Civ. P. 26(f), this Court's Case Management Order of June 7, 2007 (the "Court's Order"), and Local Civil Rule ("LCvR") 16.3, a teleconference meeting was held on August 1, 2007 between: Michele R. Fisher of Nichols Kaster & Anderson, PLLP, on behalf of Plaintiffs, and Rebecca Stewart of Mayer, Brown, Rowe & Maw, LLP, on behalf of Defendant.

As a result thereof and pursuant to the Court's Order and LCvRs 16.3(c) and (d), the parties now submit this Joint Meet and Confer Statement, including a statement of the facts of the case and the statutory basis for all causes of action and defenses, as well alternative Proposed Scheduling Orders.

**I.**
**STATEMENT OF FACTS**

Plaintiffs assert that Defendant required them to work over forty hours during individual workweeks without providing proper overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. As a result, Plaintiffs seek a judgment that Defendant violated the FLSA; that Defendant violated Washington D.C. Wage and Hour Laws ("WHL"), D.C. Code § 32-1001, et seq. and the Washington D.C.

Payment and Collection of Wages Act ("PCWA"), D.C. Code § 32-1301, et seq.; that

such violations were willful; that Plaintiffs are entitled to liquidated damages or

prejudgment interest; and attorneys' fees and costs under 29 U.S.C. § 216, WHL, D.C.

Code § 32-1012, 1013, and PCWA, D.C. Code § 32-1308. Plaintiffs dispute Defendant's

following judicial estoppel argument and characterization of Plaintiffs' reasons for

seeking decertification.

Defendant denies that Plaintiffs are entitled to any overtime compensation

pursuant to the FLSA or the D.C. wage laws or that Defendant willingly or negligently

violated the FLSA or D.C. wage laws. Plaintiffs were exempt from federal and D.C.

overtime requirements under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213, and

D.C. Code §§ 32-1004(a)(1) and 32-1301(2), and their claims are barred to the extent that

they extend beyond the applicable statutes of limitations, including but not limited to 29

U.S.C. § 255 and D.C. Code § 32-1013. Defendant also believes that Plaintiffs are

judicially estopped from proceeding collectively under section 16(b) of the FLSA, 29

U.S.C. § 216(b), or from joining their claims under the Federal Rules of Civil Procedure,

or otherwise because they successfully urged the court in *Parler v. KFC Corp.*, Civ. No.

05-2198-PJS-JJG, D. Minn., to conclude that they were not similarly situated because

their job duties varied from restaurant to restaurant. Moreover, Defendant believes that

certain of Plaintiffs' claims are barred by the provisions of Sections 4, 10, and 11 of the

Portal-to-Portal Act, 29 U.S.C. §§ 254, 259, and 260, and D.C. Code § 32-1304.

## II.
## PARTIES' RESOLUTION OF TOPICS ADDRESSED IN LOCAL RULE 16.3(C)

(1)     The parties cannot determine at this time whether the case is likely to be disposed

of by dispositive motion. No dispositive motions are on file in this Court at this time.

(2)    Plaintiffs propose that the parties should be permitted until <u>November 30, 2007</u> to join additional parties and amend the pleadings. KFC Corporation ("KFC") disagrees with Plaintiffs' contention that additional time is needed to allow additional parties to join this action because Plaintiffs are judicially estopped from doing so. Because in related litigation Plaintiffs successfully urged the court to conclude that they were not similarly situated because their job duties varied from restaurant to restaurant, *Parler v. KFC Corp.*, Civ. No. 05-2198-PJS-JJG, D. Minn., they are not entitled to join additional, concededly dissimilar, parties here.

At this time, it is not possible for the parties to agree upon or narrow some or all of the factual and legal issues involved in this action.

(3)    The parties do not wish to assign the case to a magistrate judge for all purposes, including trial.

(4)    Plaintiffs have made a settlement demand, but Defendant does not believe that there is a realistic possibility of settling the case at this time.

(5)    Having considered all aspects of subsections (i)-(v) to LCvR 16.3(c), the parties do not believe that the case could benefit from the Court's ADR procedures at this time.

(6)    At this time, Defendant is unable to determine whether the case can be resolved by summary judgment or motions to dismiss. Plaintiffs believe that certain issues in this case, including liability and whether Plaintiffs were improperly classified as exempt, may be appropriate for summary judgment.

Plaintiffs propose that all potentially dispositive motions should be filed by <u>February 29, 2008</u>. However, as described in item (8) below, Defendant believes that discovery in this case should be briefly stayed. If the Court concurs with Defendant's

position and stays discovery, KFC will meet and confer with Plaintiffs' counsel to determine the appropriate schedule for dispositive motions. Should the Court disagree with KFC's position, however, KFC proposes, in the alternative, a dispositive motions deadline no sooner than April 23, 2008.

(7)     The parties will exchange by August 15, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

(8)     Plaintiffs propose to the Court the following discovery plan:

   a. Discovery will be needed on the following subjects:

      • Whether Plaintiffs were properly classified as exempt.

      • How many overtime hours Plaintiffs worked.

      • Whether Defendants' conduct was willful and not in good faith.

      • Whether Plaintiffs are similarly situated.

   b. All discovery commenced in time to be completed by January 30, 2008.

   c. Maximum of 25 interrogatories by each party to any other party.

   d. Maximum of 10 requests for admission by each party to any other party.

   e. Maximum of 10 depositions by Plaintiffs and 10 by Defendants.

   f. Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

   g. Reports from retained experts under Rule 26(a)(2) due:

      from Plaintiff(s) by February 29, 2008.

      from Defendant(s) by March 21, 2008.

Defendant, however, believes that setting dates or limits upon discovery is premature at this time because it is impossible to know at this juncture whether this

action will proceed on behalf of a single individual or as a collective action under the FLSA—a matter which is currently scheduled to be heard before a district court in Minnesota on September 6, 2007 and the determination of which should have collateral estoppel effect in this action.

By way of background, in September 2005, a group of KFC Assistant Unit Managers ("AUMs") commenced a putative nationwide collective action in the United States District Court for the District of Minnesota, alleging that KFC had violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, by failing to pay overtime to AUMs at its restaurants. *Parler v. KFC Corp.*, Civ. No. 05-2198-PJS-JJG, D. Minn. In October 2006, Plaintiffs asked the *Parler* court to decertify the conditionally certified collective action; the court granted the motion to decertify and dismissed from the case without prejudice all of the plaintiffs except the lead plaintiff, Christian Parler. These plaintiffs thus far have refiled their claims in 27 federal courts, including in this Court, and in two state courts, as well as in 324 arbitrations. In each case, the plaintiffs allege the same FLSA violations, and in 11 of these cases they assert state law claims as well.

In their motion to decertify the collective action in Minnesota, Plaintiffs successfully persuaded the *Parler* court to conclude that they were not "similarly situated" to one another by representing that their job duties "vary from 'restaurant to restaurant.'" Accordingly, they should be estopped from taking a contrary position— here, as well as in Minnesota—and proceeding in groups once again. On this ground, KFC has filed a Motion to Deny Certification of a Class or Collective Action in the new case that Plaintiffs have filed in the District of Minnesota, *Ackerman et al. v. KFC Corp.*, 0:07-cv-02656 PJS-JJG, D. Minn., and that court is uniquely well-positioned to

determine whether Plaintiffs are judicially estopped from proceeding collectively based on their prior representations to it.  Because it is impossible to determine, for example, the number of depositions required or the length of time needed for discovery, until the essential issue of whether Plaintiffs may proceed collectively has been decided, KFC believes that the discovery schedule should be stayed pending resolution of its motion in *Ackerman*, which is scheduled for a hearing on September 6.

If the Court concurs, promptly after that issue has been resolved, KFC will meet and confer with Plaintiffs' counsel to determine the appropriate discovery schedule for the exchange of witness lists and limitations on discovery.  As it stands, given that 27 other related cases are pending around the country and that it has not been decided if Plaintiffs may bring their claims collectively, KFC considers Plaintiffs' proposed schedule to be unreasonably short.  Plaintiffs propose that fact discovery should be completed in less than six months, with expert reports due shortly thereafter.  Should the Court disagree with KFC's position, however, KFC proposes, in the alternative, that discovery close no earlier than April 8, 2008 and that it be permitted 10 depositions per *plaintiff*, and that its expert reports be due no earlier than February 26, 2008.

(9)     The parties do not believe at this time that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified or know whether or when depositions of experts should occur.

(10)    N/A.

(11)    The parties disagree as to whether trial and/or discovery should be bifurcated or managed in phases.  Defendants propose that these matters be addressed following the court's decision regarding its estoppel motion in *Ackerman et al. v. KFC corp.*, 0:07-cv-

02656 PJS-JJG, D. Minn., scheduled for hearing on September 6, 2007.

(12)    Plaintiffs suggest a date of <u>March 3, 2008</u> for a pretrial conference.  Defendant believes that setting such a date is premature at this time.  If the Court concurs with KFC's position that discovery should be stayed pending resolution of the essential issue of whether Plaintiffs may proceed collectively, KFC will meet and confer with Plaintiffs' counsel to determine the appropriate date for a pretrial after the collective action issue has been resolved.  Should the Court disagree with KFC's position, however, KFC proposes, in the alternative, a Final Pretrial Conference date of <u>May 25, 2008</u>.

(13)    Plaintiffs propose that the case should be ready for trial by <u>April 7, 2008</u> [and at this time is expected to take approximately <u>five days</u>].  Defendants believe that setting a firm trial date at the first scheduling conference is premature but should in any event be set no sooner than <u>June 23, 2008</u>.

(14)    Plaintiffs propose that the following other matters are appropriate for inclusion in the scheduling order:

      a.    All potentially non-dispositive motions should be filed by <u>February 15, 2008</u>.

      b.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due

            from plaintiff(s) by <u>March 10, 2008;</u>

            from defendant(s) by <u>March 10, 2008.</u>

      c.    Parties should have <u>7</u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

Defendant KFC respectfully requests that the Court permit further discussion of the discovery plan at the scheduling conference for this case, as it believes that setting

dates or limits upon discovery is premature at this time.  However, should the Court disagree with its position, KFC additionally proposes, in the alternative, that all potentially non-dispositive motions should be due no sooner than April 9, 2008.

Because KFC believes that setting dates is premature at this juncture and, therefore, the dates proposed by KFC in this report are offered only in the alternative, KFC has not attached a proposed scheduling order to this report.  Should the Court disagree with KFC's position, however, KFC will promptly provide the Court with a proposed scheduling order at its request.


Date: August 15, 2007                                    Date: August 15, 2007


/s/ Michelle R. Fisher                             /s/ Mark W. Ryan                    
NICHOLS KASTER & ANDERSON          MAYER, BROWN, ROWE & MAW
Donald H. Nichols, #78918                     Mark W. Ryan, DC Bar No. 334235
Paul J. Lukas, #22084X                          Robert P. Davis, DC Bar No. 334235
Michele R. Fisher, #303069                     Robert C. Varnell
4600 IDS Center, 80 South 8th Street        1909 K Street N.W.
Minneapolis MN  55402                          Washington D.C. 20006
Telephone: (612) 256-3200                       Telephone: (202) 263-3000

WOODLEY & MCGILLIVARY
Gregory K. McGillivary, DC Bar No. 411029
Molly A. Elkin, DC Bar No. 450295
David W. Ricksecker, DC Bar No. 483019
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone: (202) 833-8855
Facsimile (202) 452-1090

ATTORNEYS FOR PLAINTIFFS                  ATTORNEYS FOR DEFENDANT

9

Certificate of Service

I hereby certify that I electronically filed the foregoing Joint Meet and Confer Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory K. McGillivary
gkm@wmlaborlaw.com

Molly Ann Elkin
mae@wmlaborlaw.com

Donald H. Nichols
Nichols@nka.com

Paul J. Lukas
Lukas@nka.com

LEAD ATTORNEYS FOR PLANTIFFS

Mark William Ryan
mryan@mayerbrownrowe.com

LEAD ATTORNEY FOR DEFENDANT

This the 15th day of August, 2007.

s/Michele R.Fisher____
Michele R. Fisher
fisher@nka.com