IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gloria Bell<br>1524 F St. N.E., Apt. A1<br>Washington, DC  20002,<br><br>    AND<br><br>Margaret Elbert<br>3404 Dodge Park Rd # 201<br>Landover, MD  20785-2011,<br><br>    AND<br><br>Suzette Hampton<br>8108 Phelps Pl<br>Forestville, MD  20744,<br><br>collectively,<br><br>        Plaintiffs,<br><br>    vs.<br><br>KFC Corporation,<br>1441 Gardiner Lane<br>Louisville, KY  40213<br><br>        Defendant. | Case No.: 1:07-cv-01016-RJL |

**Plaintiffs' Memorandum of Law in Opposition to Defendant's
Motion to Stay Proceedings Pending a Decision by the
Judicial Panel for Multidistrict Litigation**

## INTRODUCTION

     Defendant's motion to stay pending the result of its request to transfer this and 26 other Federal District court cases to Multi-District Litigation ("MDL") should be rejected for three reasons.  First, Defendant's MDL request represents a complete reversal of its previous arguments and will be rejected by the MDL Panel.  Therefore, the only practical

result of a stay would be several months of additional delay in a case that was originally filed two years ago. Second, extensive coordinated discovery already took place by the same counsel prior to decertification of the original action, and that coordinated effort will continue for the little discovery that remains. Third, because Defendant is unable to articulate any "collective discovery" or other pretrial proceedings that will be better handled by one MDL court, and Defendant's request for MDL is limited to "pretrial proceedings," this action will eventually return to this Court even if Defendant's request for MDL is granted entirely or in part.

As such, Defendant's motion for unnecessary delay should be denied.

## **BACKGROUND**

The instant case is the result of decertification of a collective action overtime lawsuit brought by 998 Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201 et al. As a result of decertification, Plaintiffs re-filed their overtime claims on a state-by-state basis, resulting in 28 actions in 27 states. Because the original action was filed two years ago, significant discovery has occurred, and the parties have cooperated with one another during the discovery process. In fact, all that remains for discovery is, perhaps, more depositions (the parties have taken approximately forty to date), and some supplemental document production. Defendant has already provided responses to most of Plaintiffs' discovery requests, and over 900 of the 998 Plaintiffs have provided responses to Defendant's requests.

Defendant has taken a two-pronged approach to delay this litigation. Defendant's first attempt at delay is by asking the courts to stay issuing a scheduling order pending a ruling from the court that decertified the collective action as to whether Plaintiffs are

judicially estopped from joining their claims together on a state-by-state basis in the courts where they re-filed. By its motion, Defendant is seeking an order that Plaintiffs must file 998 separate actions because, according to Defendant, they are not similar enough to proceed together in any other way.

Defendant's second attempt at delay is through the current motion to stay wherein Defendant argues Plaintiffs are similar and seeks to transfer these 28 actions to MDL asking that the same Judge who decertified the action take over the case and the claims of the 998 individuals for a period of time – only to later send those 998 individuals back into the court system to file 998 separate claims.

## ARGUMENT

Whether to grant a motion to stay pending a ruling on transfer to the MDL lies within the trial court's discretion. Landis v. North American Co., 299 U.S. 248, 254 (1936). Rule 1.5 of the Judicial Panel on Multidistrict Litigation is clear that the filing of a motion for transfer does not mean the district court is required to stay the proceedings before it:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 <u>does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court</u>. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

(Emphasis added); General Elec. Co. v. Byrne, 611 F.2d 670, 673 (7th Cir. 1979); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F.Supp. 1186, 1188-89 (N.D. Cal. 1997) (a transferor court need not generally suspend proceedings because an MDL

transfer motion is filed) (citing Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995).

In deciding a motion to stay, courts typically consider whether judicial economy favors a stay; prejudice to the non-moving party if the motion is granted; and any hardship or inequity to the moving party if the motion is denied. Terkel v. AT&T Inc., 2006 WL 1663456, *1 (N.D. Ill. June 9, 2006) (citing Bd. of Tr. Of Teachers' Ret. Sys. Of State of Ill. v. Worldcom, Inc., 244 F.Supp.2d 900, 905 (N.D. Ill. 2002); Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

### 1. Judicial Economy Will be Best Served by Allowing this Case to Proceed.

Judicial economy will not be served by stalling a case that will inevitably end up back before this Court. Defendant seeks a transfer where discovery is nearly complete and dispositive motions will need to be decided on a state-by-state basis (or given Defendant's representations, on a person-by-person basis). The Court to which Defendant seeks such a transfer is the Minnesota Court that recently decertified the original action so the Plaintiffs could re-file in the appropriate jurisdiction and proceed to a final resolution of their claims. Defendant's request means that the Minnesota Judge will decide 27 separate motions for summary judgment and in addition to applying federal law, also apply the laws specific to Plaintiffs' state law claims. After dispostive motions, Defendant's counsel has represented that it will seek transfer of these claims out of MDL to be re-filed on a person-by-person basis, resulting in 998 separate actions. Judicial economy is not best served by delaying cases that will inevitably end up back before this Court.

Defendant argues that because it brought a motion in Ackerman v. KFC, No.07-cv-02656 (PJS/JJG) (D. Minn.), arguing that Plaintiffs are estopped from proceeding collectively or by class, and that it may file the identical motion in 24 other states, that staying the litigation pending a decision regarding MDL is appropriate because Defendant will not have to bring the same motion before 24 judges and it eliminates the possibility of inconsistent results. While this explanation may seem plausible, Defendant has omitted certain relevant facts about its estoppel motion that do not support its arguments on the promotion of judicial economy at all.

The estoppel motion is currently set for a September 6, 2007 hearing before the same Minnesota judge who handled the original action and from which the basis for Defendant's motion on estoppel stems. Defendant has not filed the motion in any other court. If Defendant's motion is denied, it would seem unlikely (given the prohibitions of Rule 11) that Defendant would deem it appropriate to try to convince other courts, including this one, that Plaintiffs should be estopped from filing their claims together on a state-by-state basis, based on where they worked.

Therefore, staying this action pending a motion Defendant is unlikely to bring in courts other than Minnesota is not necessary. Even if for some reason Defendant's motion that Plaintiffs are estopped from proceeding collectively is granted, the parties will still end up back before this Court to ultimately resolve their claims.

Judicial economy is best served by allowing this case to proceed to a resolution on the merits.[1]

---

[1] Magistrate Judge Timothy S. Hogan, U.S. District Court, Southern District of Ohio – Western Division, Judge Rebecca R. Pallmeyer, U.S. District of Illinois, and Judge David G. Campbell, U.S. Judge for the District of Arizona, have all denied Defendant's Motion to Stay after hearing oral argument on the issue. See Exs. A & C; Fisher Aff. at ¶ 2. On August 29, 2007, Magistrate Judge Jeanne J. Graham, U.S. District

5

### 2.  Staying this Action will Prejudice Plaintiffs Who Have Been Litigating Their Claims for Nearly 2 Years.

Staying this action will prejudice Plaintiffs because it will cause many more months of unnecessary delay of their claims that have already been pending for two years. These are claims that will eventually be back before this Court for resolution, even if Defendant's motion for MDL is granted for pretrial proceedings - which Defendant fails to acknowledge are nearly complete.

While Defendant anticipates that the Judicial Panel will hear its Request for Transfer by November 2007, it cannot be certain. Nor can it be certain how many months after hearing its Request, a decision will be issued. This uncertainty severely prejudices Plaintiffs. For this reason alone, Defendant's motion should be denied.

### 3.  Defendant Will Suffer No Undue Hardship if its Motion is Denied.

Defendant argues that it will suffer undue hardship if its motion to stay is not granted because it will be forced to answer additional discovery. This argument is disingenuous.

Significant discovery has already occurred, and the parties have been cooperative with one another during the discovery process. In fact, all that remains for discovery is, perhaps, more depositions (the parties have taken approximately forty to date), and some supplemental document production. Defendant has already provided responses to most of Plaintiffs' discovery requests, and over 900 of the 998 Plaintiffs have provided responses to Defendant's requests.

---

of Minnesota who is handling the Parler and Ackerman cases issued a scheduling order in the Ackerman case after meeting with the parties even though Defendant's motion for a stay was pending. Fisher Aff. at ¶ 2. A couple of courts have granted Defendant's motion for stay, but without hearing any response from Plaintiffs as to why a stay is inappropriate. Fisher Aff. at ¶ 2.

Defendant has also argued that if the motion to stay is not granted, there is the possibility that repetitive motion practice could ensue. Defendant, however, fails to identify a specific motion or, for that matter, circumstance in support of its arguments - in large part because there has been very little court interaction with regard to discovery and the estoppel motion discussed above has only been filed in the <u>Ackerman</u> case. The only hardship Defendant faces if its motion is denied is the one it has faced all along - being named as a Defendant for failing to pay Plaintiffs overtime compensation pursuant to the FLSA. Accordingly, Defendant's motion should be denied.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendant's Motion to Stay Proceedings Pending a Decision by the Judicial Panel for Multidistrict Litigation, and allow Plaintiffs' claims to proceed to resolution.

Dated: 8.30.07

s/Michele R. Fisher
NICHOLS KASTER & ANDERSON, PLLP
Donald H. Nichols, MN Bar No. 78918*
Paul J. Lukas, MN Bar No. 22084X*
Michele R. Fisher, MN Bar No. 303069*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
*admitted *pro hac vice*

WOODLEY & MCGILLIVARY
Gregory K. McGillivary, DC Bar No. 411029
Molly A. Elkin, DC Bar No. 483019
1125 15th Street, NW, Suite 400
Washington, DC 20005
Telephone: (202) 833-8855

ATTORNEYS FOR PLAINTIFFS

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/Michele R. Fisher

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gloria Bell, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KFC Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:07-cv-01016-RJL |

**Affidavit of Michele R. Fisher**

1.  My name is Michele Fisher and I am one of the attorneys representing the Plaintiffs in the above-captioned matter.

2.  Magistrate Judge Timothy S. Hogan, U.S. District Court, Southern District of Ohio – Western Division, Judge Rebecca R. Pallmeyer, U.S. District of Illinois, and Judge David G. Campbell, U.S. Judge for the District of Arizona, have all denied Defendant's Motion to Stay after hearing oral argument on the issue. We are still awaiting the order for Arizona. On August 29, 2007, Magistrate Judge Jeanne J. Graham, U.S. District of Minnesota, who is handling the Parler and Ackerman cases issued a scheduling order in the Ackerman case after meeting with the parties even though Defendant's motion for a stay was pending. A couple of courts have granted Defendant's motion for stay, but without hearing any response from Plaintiffs as to why a stay is inappropriate.

3.  Attached hereto are true and correct copies of the following:

Exhibit A    Order issued by the Magistrate Judge Timothy S. Hogan, U.S. District Court, Southern District of Ohio – Western Division, denying Defendant's Motion to Stay;

Exhibit B    Scheduling Order issued by Magistrate Judge Jeanne J. Graham, U.S. District of Minnesota, despite Defendant's pending motion to stay; and

Exhibit C    Minute Entry by Judge Rebecca Pallmeyer, U.S. District of Northern District of Illinois, denying Defendant's Motion to Stay.

FURTHER AFFIANT SAYETH NOT.

Dated: 8.30.07

_____
Michele R. Fisher

Subscribed and sworn to before
me this 30th day of August 2007.

_____
Notary Public

MEGAN BETH SAND
Notary Public-Minnesota
My Commission Expires Jan 31, 2011

2

# EXHIBIT A:

Order issued by the Magistrate Judge Timothy S. Hogan, U.S. District Court, Southern District of Ohio – Western Division, denying Defendant's Motion to Stay

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Wellman et al.,
    Plaintiff(s),

v.                                              Case Number 1:07cv0439
                                                (Beckwith, J.; Hogan, MJ)

KFC Corporation,
    Defendant(s).

## CALENDAR ORDER

This calendar order shall proceed as follows:

1. Deadline for motion for leave to file an amended complaint: **November 26, 2007**

2. Deadline for disclosure of expert witnesses and submission of expert reports:
   Plaintiff identify primary experts: **January 24, 2008**
   Plaintiff produce primary reports: **January 24, 2008**
   Defendant identify primary experts: **March 3, 2008**
   Defendant rebuttal for producing primary reports: **March 3, 2008**

3. Notice of compliance with Rule 26: **March 14, 2008**

4. Parties to exchange witness list and summary: **March 14, 2007**

5. Discovery deadline: **April 8, 2008**

6. Dispositive motions deadline: **April 23, 2008**

7. Final pretrial conference: **August, 2008***

8. Jury Trial: **September, 2008***

9. Defendant's Motion to Stay Proceedings (Doc. 19) is **DENIED**.

_8/27/07_
Date

awh / August 27, 2007
*The specific dates will be assigned by the District Court.

Timothy S. Hogan
United States Magistrate Judge

# EXHIBIT B:

Scheduling Order issued by Magistrate Judge Jeanne J. Graham, U.S. District of Minnesota, despite Defendant's pending Motion to Stay

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-2656 (PJS/JJG)

RAY ACKERMAN, et al.,

        Plaintiffs,

v.                        **PRETRIAL SCHEDULING ORDER**

KFC CORPORATION,

        Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

### DISCOVERY SCHEDULE/DEADLINES

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 15, 2007**.

2. Fact discovery shall be commenced in time to be completed on or before **May 16, 2008**.

### DISCOVERY LIMITATIONS

1. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each party. No more than **50 document requests** and no more than **ten (10) requests for admissions** shall be served by each party.

2. No more than **25 depositions**, excluding expert witness depositions, shall be taken by either side.

**EXPERTS**

1. Each side may call up to **three (3)** expert witnesses. Accordingly, each party may take one deposition per expert.

2. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a. Reports and identities by party with burden of proof on or before **April 4, 2008**.

    b. Reports and identities by rebuttal party on or before **May 2, 2008**.

3. Expert discovery, including depositions, shall be completed by **June 6, 2008**.

**NON-DISPOSITIVE MOTION DEADLINES**

All non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, **and in the form prescribed by Local Rule 37.2.** All non-dispositive motions shall be scheduled for hearing by calling Mary Lenner, Judicial Assistant to Magistrate Judge Graham, at (651) 848-1890, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion.

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **November 30, 2007**.

    Motions which seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before the deadline for fact discovery.

2. Except as indicated in paragraph 3, non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before **May 16, 2008.**

3. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **June 6, 2008.**

<u>Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so. All motions must be filed and served within the time periods set forth in the local rules.</u>

4.  Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved with the Magistrate Judge. The Court requires that: (1) all parties be in agreement to informal resolution of the matter and (2) the "moving party" electronically file a letter representing that all the parties are in agreement to resolving the matter without formal motion and setting forth the single, well-defined issue to be resolved. Upon receipt of such, the Court will determine whether the matter may be handled informally. If it is determined the matter can be resolved informally, the parties will be contacted by the Court to schedule a telephone conference and allow for written response to the letter by the "moving party." For leave to proceed in a manner other than that outlined above, the requesting party shall electronically file a letter setting forth the specific request.

## DISPOSITIVE MOTION DEADLINES

All dispositive motions must be served, filed, and **heard by August 8, 2008**. All dispositive motions must be scheduled, served, and filed in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. Parties must submit two paper courtesy copies of motions, memoranda, affidavits, exhibits, and other filings. Judge Schiltz prefers those courtesy copies to be three-hole punched and unstapled (and, if warranted, appropriately tabbed). Courtesy copies should be mailed or delivered to Judge Schiltz's chambers contemporaneously with the documents being posted on ECF. Envelopes should be marked to the attention of Sherry Fast, Calendar Clerk to Judge Schiltz.

Dispositive motions may be scheduled for a hearing by calling Sherry Fast at (651) 848-1906. Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months). Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

**TRIAL**

This case shall be ready for jury trial on **October 6, 2008**. The anticipated length of trial is **four (4) weeks**.

Dated: August 29, 2007

s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge

# EXHIBIT C:

Minute Entry by Judge Rebecca Pallmeyer, U.S. District of Northern District of Illinois, Denying Defendant's Motion to Stay.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3957 | **DATE** | 8/29/2007 |
| **CASE TITLE** | Talia Pippion, et al vs. KFC Corp | | |

**DOCKET ENTRY TEXT**

Defendant's motion to stay proceedings pending a decision by the Judicial Panel for Multidistrict Litigation [14] is denied without prejudice. Rule 16 conference set for 9/11/2007 at 9:00 a.m. to stand.

Docketing to mail notices.

00:05

| | Courtroom Deputy Initials: | SB |
|---|---|---|