A CERTIFIED TRUE COPY
ATTEST
By April Layne on Jan 03, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Jan 03, 2008

FILED
CLERK'S OFFICE

IN RE: KFC CORP. FAIR LABOR
STANDARDS ACT LITIGATION

MDL No. 1892

## TRANSFER ORDER

**Before the entire Panel**[*]: Common defendant KFC Corp. (KFC) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Minnesota. Plaintiffs in all actions oppose the motion.

This litigation currently consists of 28 actions listed on Schedule A and pending in 27 districts as follows: two actions in the District of Minnesota and one action each in 26 other districts throughout the nation.

After considering all argument of counsel, we find that these 28 actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of similar allegations that KFC assistant unit managers are entitled to overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and analogous state laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of collective and class actions; and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs assert that centralization under Section 1407 is unnecessary because, *inter alia*, most of the discovery required in the actions has already been completed. We respectfully disagree. Discovery and motion practice with respect to the common factual questions regarding the propriety of KFC's employment practices and compliance with the FLSA and related state laws remains. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall benefit of the parties and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation. All actions now before the Panel arise from the decertification of a conditionally certified nationwide collective action filed in the District of Minnesota *Parler* action, which has been pending

---

[*] Judges Motz and Scirica did not participate in the disposition of this matter.

-2-

for over two years.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable David S. Doty for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |